Dewey, J.
The statute of 1840, c. 87, requires, to give jurisdiction to this court, before service of the writ, an oath or affirmation before some justice of the peace, that the matter *536 sought to be recovered actually exceeds in amount the sum of three hundred dollars; a certificate of which oath shall be indorsed on or annexed to the writ.
1. The first question, in the present case, which is brought originally in this court, relates to the sufficiency of the certificate, with the accompanying evidence, to give the court jurisdiction. The only objection taken to the sufficiency of the certificate is, that it has no date. It is found indorsed on the writ, where it could not properly have been placed after service, though it might have been so indorsed fraudulently, or without due consideration.
The certificate, according to the requirement of the statute, is indorsed on the writ, but not being accompanied by any date, it is open to the objection taken, until that defect is remedied by proof of the fact, that it was thus indorsed before the service of the writ. Such proof being made, that objection is answered. The certificate itself must be indorsed on or annexed to the writ; and no oral evidence of the taking of the oath would have been competent to supply such deficiency, had it existed. But to the extent of showing the time when the indorsement was made, we think such evidence is competent, and that the motion to dismiss the action was properly .overruled.
2. The defendant then insists, that he has been discharged from his liability on the receipt given to the plaintiff, as a deputy-sheriff, by reason of an arrangement made between the parties to the original action, in which the goods described in the receipt of the defendant in the present action were attached, that the creditor should not enforce his demand upon the receipt, until the first of April following; the judgment in the action having been rendered in September previous. This is supposed by the defendant to present a case of principal and surety, and that the doctrine, that giving time to the principal discharges the surety, properly applies here.
As it seems to us, the cases are not analogous. The present defendant is himself the principal on the receipt, as respects the creditor and the officer, whatever relation may exist between him and the debtor. Upon the judgment being ren *537 dered against the debtor, and execution duly issued and demand made on the receiptor within thirty days, his liability is fixed. The officer, or the creditor, acting through him, may at any time within six years enforce the receipt by a suit at law; and on the other hand the receiptor, on the making of the demand, may deliver up the property, and thus discharge himself, or in default thereof may pay the value of the property as damages. In all this, he is the principal, and may act Jrrespective of any agreement between the creditor and his debtor; and his liabilities are not extended by an agreement of the creditor with the debtor, not to enforce the receipt for a certain period.
The execution must be issued and the demand made within thirty days, or the attachment is discharged. This being done, upon the failure of the receiptor to perform his promise, he becomes presently liable. He can at once discharge himself by payment, and have recourse to the debtor for remuneration ; and herein is the difference between this case and that of an ordinary contract, where the creditor has become legally obliged to postpone the time of payment of a debt or demand secured by a surety. The debt being thus postponed, the surety is deprived of the right of discharging the same at the time when it originally becomes due, and would be made to assume a responsibility for the solvency of his principal, at a more remote period than that stipulated for in his contract, if such postponement was not held to discharge the surety.
3. The only remaining question relates to the rejection of certain portions of the deposition of Mr. Porter. As to this, understanding the testimony rejected as it was assumed to be by the presiding judge, we are of opinion, that upon this point also the ruling was right. Judgment on the verdict.